IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 1 8 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. B- **B-03-059** |
| § | |
| $76,430.57 (SEVENTY SIX § | |
| THOUSAND, FOUR HUNDRED § | |
| THIRTY DOLLARS AND 57 CENTS) § | |
| IN UNITED STATES CURRENCY § | |
| § | |
| AND § | |
| § | |
| $4,274.25 (FOUR THOUSAND § | |
| TWO HUNDRED SEVENTY FOUR § | |
| DOLLARS AND 25 CENTS) § | |
| § | |
| AND § | |
| § | |
| $5,400,758.09 (FIVE MILLION § | |
| FOUR HUNDRED THOUSAND § | |
| SEVEN HUNDRED FIFTY EIGHT § | |
| DOLLARS AND 9 CENTS) § | |
| § | |
| Defendants. § | |

## COMPLAINT FOR FORFEITURE IN REM

The United States of America, Plaintiff, alleges upon information and belief that:

1. This is a civil action in rem brought to enforce the provision of 21 U.S.C. § 881(a)(6) for the forfeiture of U.S. Currency, which was used or intended to be used in exchange for controlled substances, or represents proceeds of trafficking in controlled substances or was used or intended to be used to facilitate a violation of Title II of the Controlled Substances Act, 21 U.S.C. §801 et seq.

2. This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355.

3. The defendants property was seized pursuant to civil seizure warrants and consists of $76,430.57, $4,274.25 and $5,400,758.09 in United States Currency. On January 18, 2003, a civil seizure warrant issued resulting in the seizure of defendants property $76,430.57 and $4,274.25. On January 21, 2003, a civil seizure warrant issued resulting in the seizure of the defendant property $5,400,758.09. The defendants property were seized from Wells Fargo Bank and Wells Fargo Investments LLC. The accounts were in the name of Jose Luis Betancourt (Betancourt).

4. Betancourt was arrested on January 17,2003, by Special Agents of the U.S. Customs Service and charged with possession with intent to distribute cocaine. In a superseding indictment Betancourt is charged with conspiracy and substantive offenses of possession with intent to distribute cocaine. The federal charges are pending in the Southern District of Texas, in *United State v. Betancourt,* under criminal number B-03-090-S1. The indictment provides notice of criminal forfeiture of property, including the defendants property and approximately $3 million.

5. The superseding indictment charges that from in or about September, 2002 to on or about January 17, 2003, in the Southern District of Texas, Betancourt conspired to possess with intent to distribute a quantity exceeding 5 kilograms of cocaine.

6. Betancourt is allegedly responsible for the weekly distribution of approximately 10-15 kilograms of cocaine, producing a weekly income of approximately $200,000.00. It is

believed that Betancourt has engaged in drug trafficking activities for several years.

7.  Betancourt has no known legitimate source of income.

8.  Betancourt is believed to have supported his day to day living expenses, including lottery ticket purchases, with proceeds derived from narcotics trafficking activities. On or about January 9, 2003, Betancourt claimed a Lotto 6 of 6 jackpot on a Texas Lottery ticket for a drawing on or about December 11, 2002. That money was deposited into Betancourt's account and consists of the defendants currency.

9.  Dated October 4, 2001, on a rental agreement for an apartment Betancourt leased, Betancourt indicated a gross monthly income of $1500 per month. On the same application, as employment, he listed himself the owner of a company named Delar, a used car business, in Brownsville, Texas. Attempts to locate this business have been unsuccessful and agents of the United States Customs Service have located no business records or licenses associating Betancourt with a company that deals in used cars.

10. After his arrest on January 17, 2003, Betancourt stated he was self-employed as a used clothing exporter. It has not been possible to verify the existence of a used clothing export business owned by Betancourt, but the evidence to date does not support his stated occupation.

11. There is no known legitimate source of income to account for the source of funds Betancourt used to play the

Lottery and thus, no known legitimate source of money to account for the Texas Lottery winnings. Betancourt's Texas Lottery winnings were derived from proceeds generated by his drug trafficking activities and are subject to forfeiture.

12. The Defendant Currency was used, or intended to be used, in exchange for controlled substances, or represents proceeds of trafficking in controlled substances or was used or intended to be used to facilitate a violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 et seq., and is therefore subject to forfeiture to the United States of America pursuant to 21 U.S.C. §881(a)(6).

WHEREFORE, the United States of America prays:

1. Monition issue according to the normal procedure of this Court citing all persons having an interest in the above described defendants currency to appear on the return day of process by filing a claim and answer pursuant to Rule C(6), Supplemental Rules for Certain Admiralty and Maritime Claims, or as ordered by the Court;

2. That Warrant of Arrest issue to the United States Treasury Service commanding the arrest of the defendants currency;

3. That judgment of forfeiture to the United States be decreed against the defendants currency; and

4.  For costs and such other and further relief to which Plaintiff may be entitled.

>  Respectfully submitted,
> 
>  MICHAEL T. SHELBY
>  UNITED STATES ATTORNEY
> 
>  By: _/s/ Susan Kempner_
>  (713) 567-9565
>  Susan Kempner
>  Assistant United States Attorney
>  P. O. Box 61129
>  910 Travis, Suite 1500
>  Houston, Texas 77208

## VERIFICATION

Before me, the undersigned authority, personally appeared, Arturo Cantu, Special Agent of the United States Customs Service, and upon being duly sworn, stated under oath that he has read the foregoing Verified Complaint for Civil Forfeiture In Rem, and that the facts stated therein are based upon either his personal knowledge or information obtained by him in the course of his investigation into the matters described herein are true and correct to the best of his knowledge and belief.

*Arturo Cantu SA/USCS*
Arturo Cantu
Special Agent, USCS

Sworn to and subscribed before me, the undersigned authority, on this __18th__ day of __March__, 2003.

*Martha D. Infante*
Notary Public, State of Texas
My commission expires: 08/14/06


MARTHA D. INFANTE
MY COMMISSION EXPIRES
August 14, 2006