UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| Plaintiff | * | |
| V | * | CIVIL ACTION NO. B-03-059 |
| | * | |
| $76,430.57 and $4,274.25 and | * | |
| $5,400,758.09 IN UNITED STATES | * | |
| CURRENCY | * | |
| Defendants | * | JURY TRIAL DEMANDED |

**CLAIMANT'S ORIGINAL ANSWER TO COMPLAINT FOR FORFEITURE IN REM**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JOSE LUIS BETANCOURT, hereinafter referred to as the Claimant, by and through his attorney, Baltazar Salazar, and answers Plaintiff's Complaint For Forfeiture In Rem as follows:

1. The Complaint for Forfeiture in Rem fails to state a claim upon which relief can be granted.

2. The allegations contained in paragraph 1 of the Complaint for Forfeiture in Rem are admitted to the extent that Plaintiff has sought to file this action pursuant to 21 U.S.C. § 881 (a) (6). However, Claimant denies that there has been a violation of 21 U.S.C. § 881 (a) (6) and denies the property is subject to forfeiture.

3. The allegations contained in paragraph 2 of the Complaint are admitted.

4. As to paragraph 3 of the Complaint, Claimant admits that the currency was seized on January 18, 2003 and on January 21, 2003 pursuant to a seizure warrant. However, Claimant disputes the reliability of the sworn affidavit used to secure said seizure warrant.

5. As to paragraphs 4 and 5, Claimant admits that these charges are pending.

6. Claimant denies paragraph 6, 7, and the first sentence of paragraph 8. Claimant admits he

claimed the lottery ticket and that the lottery money was wire transferred to his account at Wells Fargo Bank, in paragraph 8.

7. Claimant admits the first two sentences of paragraph 9, but Claimant has insufficient knowledge or information upon which to form a belief as to the truth of the allegations in the remainder of paragraph 9, and are therefore denied.

8. Claimant admits the first sentences of paragraph 10, but Claimant has insufficient knowledge or information upon which to form a belief as to the truth of the allegations in the remainder of paragraph 10, and are therefore denied.

9. Claimant denies paragraph 11 and 12. The Government's position seems to be that the lottery tickets for the winning lottery numbers were purchased with drug proceeds, yet the Government has met with Mr. Guadalupe Rosales, the person who paid for the lottery tickets, and has also met with Ms. Rebecca Aguirre, the person who purchased the tickets for Mr. Guadalupe Rosales and still, the government will not accept the truth that the ticket was purchased by Ms. Rebecca Aguirre with Mr. Guadalupe Rosales' money. The truth, that the ticket was purchased by Ms. Rebecca Aguirre with Mr. Guadalupe Rosales' money does not support the government's criminal forfeiture and the truth does not support the government's civil forfeiture proceedings. The government can not and this Court should not allow the government to use its heavy hand and unlimited resources to allow such disregard for the truth.

10. Claimant denies that the United States of America is entitled to any of the relief it seeks and specifically denies that it is entitled to any of the relief contained in the prayer of the complaint.

11. Without waiving the foregoing, Claimant contends that the Plaintiff lacks probable cause and proof by a preponderance of the evidence for believing that Claimant's currency was

furnished or intended to be furnished in exchange for a controlled substance or is traceable to such exchange. Claimant further contends that the Plaintiff lacks probable cause and proof by a preponderance of the evidence for believing that a substantial connection exists between the property sought to be forfeited and the exchange of or proceeds from a controlled substance.

12. Claimant reserves the right to supplement and amend this answer as necessary as matters develop through discovery and specifically reserves the right to file any applicable counterclaims.

13. Claimant affirmatively seeks to have his property returned to him.

14. Claimant demands trial by jury of the issues and defenses raised by his claim and answer.

## PRAYER

WHEREFORE, PREMISE CONSIDERED, Claimant, Jose Luis Betancourt prays that this Honorable Court will:

1. Dismiss Plaintiff's Complaint for Forfeiture In Rem and enter judgment on behalf of the Claimant that Plaintiff take nothing by reason of this suit;

2. Deny issuance of a certificate of reasonable cause pursuant to 28 U.S.C. § 2465 and award costs and attorney's fees to the Claimant;

3. Enter an order directing the United States Attorney's Office and/ or the Department of Treasury and/or the United States Customs Service to deliver the Defendant property to Claimant; and

4. Provide such other and further relief, both legal and equitable, as the Court deems proper and just or as Claimant shows himself to be entitled.

Respectfully submitted,

_____
BALTAZAR SALAZAR
Attorney for Claimant

        1612 Winbern
        Houston, Texas 77004
        Federal Admission No. 18536
        Tel. (713) 655-1300
        Fax. (713) 807-0930

## CERTIFICATE OF SERVICE

On the 1st day of April, 2003 a true and correct copy of the **CLAIMANT'S ORIGINAL ANSWER TO COMPLAINT FOR FORFEITURE IN REM** was mailed to Susan Kemper, Assistant United States Attorney for the Southern District of Texas, PO Box 61129, 910 Travis, Suite 1500, Houston, Texas 77208.

_____
Baltazar Salazar