IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 0 9 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| United States of America § | |
|    Plaintiff § | Civil Action No. |
| § | B-03-059 |
| v. § | |
| § | |
| $76,430.57 & $4,274.25 & § | |
|    $5,400,758.09 in United States Currency § | |
|    Defendant § | |

## CLAIMAINT'S ORIGINAL ANSWER TO COMPLAINT FOR FORFEITURE IN REM

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, GUADALUPE ROSALES, hereinafter known as the Claimant, by and through his attorney, Rey Merino, and hereby answers the Plaintiff's Complaint for Forfeiture in Rem as follows:

1. The Complaint for Forfeiture in Rem fails to state a claim upon which relief can be granted to defeat Guadalupe Rosales' claim to a portion of the subject funds.

2. The allegations contained in Paragraph I of the Complaint for Forfeiture in Rem are admitted.

3. The allegations contained in Paragraph II of the Complaint are admitted.

4. The allegations contained in Paragraph III of the Complaint are admitted.

5. The allegations contained in Paragraph IV of the Complaint are admitted.

6. The allegations contained in Paragraph V of the Complaint are admitted.

7. Claimant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph VI of the Complaint.

8. Claimant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph VII of the Complaint.

9. Claimant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in the first sentence of Paragraph VIII of the Complaint.

10. Claimant admits the remaining allegations contained in Paragraph VIII of the Complaint.

11. Claimant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph IX of the Complaint.

12. Claimant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph X of the Complaint.

13. To the extent the allegations contained in Paragraph XI of the Complaint pertain solely to the source of funds Betancourt used to play the lottery, Claimant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph XI of the Complaint. However, to the extent this allegation implies that all of the funds that were used to purchase the lottery winnings in question came solely from funds provided by Betancourt, Claimant denies these allegations. In this regard, Claimant would show that the person who actually purchased the lottery ticket in question was Rebecca Aguirre who purchased the ticket with $15 that were provided to her by this Claimant, Guadalupe Rosales with the understanding that Claimant, Guadalupe Rosales would later be and in fact was later reimbursed $10 of the $15 used to purchase the lottery tickets in question by Jose Luis Betancourt.

14. The allegations contained in Paragraph XII of the Complaint are denied for the same reason set forth in the paragraph immediately above.

In addition, Claimant raises the following number defenses to the Government's forfeiture claim:

1. The Plaintiff lacks probably cause for belief that a substantial connection exists between the property sought to be forfeited and the exchange of a controlled substance.

2. Alternatively and without waiving the foregoing, Claimant further asserts that the Defendant's property is not subject to forfeiture on the basis that any act or omission, if any, on the part of any other individual that would potentially give rise to forfeiture of the Defendant's property was committed or omitted without the knowledge or consent of this Claimant. Thus, Claimant pleads the statutory innocent owner defense pursuant to 18 U.S.C. 983 (d).

3. Pursuant to 18 U.S.C. 983(d), Claimant also affirmatively seeks to have his portion of the proceeds in question returned to him, which Claimant contends is one-half.

4. Claimant, Guadalupe Rosales reserves the right to supplement and amend this Answer as necessary as matters develop through discovery of certain facts and circumstances regarding the Plaintiff's Complaint for Forfeiture in Rem and specifically reserves his right to file any applicable counter-claims.

5. Please take notice that Claimant demands trial by jury of the issues and defenses raised by his claim and answer.

WHEREFORE, PREMISES CONSIDERED, Claimant, Guadalupe Rosales, prays that the Honorable Court will: 1) Dismiss Plaintiff's Complaints for Forfeiture in Rem to the extent of this Claimant's interest and enter judgment on behalf of the Claimant and that Plaintiff take nothing by reason of this suit as to that portion Claimant is asserting an interest in; 2) Deny issuance of a certificate of reasonable cause pursuant to 28 U.S.C. 2465 and award costs of attorney fees to the Claimant; and 3) Provide such other and further relief, both legal and equitable, as the Court deems proper and just.

Respectfully submitted,

Mr. Reynaldo M. Merino
LAW OFFICE OF REYNALDO M. MERINO
4800 North 10th St., Ste. F
McAllen, Texas 78504-2874

BY _____
Reynaldo M. Merino
State Bar No.: 13953250

Attorneys For Claimant, Guadalupe Rosales

Attorneys For Claimant, Guadalupe Rosales

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document, CLAIMAINT'S ORIGINAL ANSWER TO COMPLAINT FOR FORFEITURE IN REM was this the 9th day of ~~April~~ May, 2003, forwarded to: 

*Via CMRRR*
Mr. Baltazar Salazar
ATTORNEY AT LAW
1612 Winbern
Houston, Texas 77004

Ms. Susan Kempner
Assistant United States Attorney
P.O. Box 61129
910 Travis, Ste. 1500
Houston, Texas 77208

_____
~~ISIDRO O. CASTANON~~
Reynaldo M. Merino