12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 2 7 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, PLAINTIFF | § § § | |
| V. | § | CIVIL ACTION NO. B-03-059 |
| $76,430.57 (SEVENTY SIX THOUSAND, FOUR HUNDRED THIRTY DOLLARS AND 57 CENTS) IN UNITED STATES CURRENCY | § § § § § | JURY TRIAL DEMANDED |
| AND | § | |
| $4,274.25 (FOUR THOUSAND TWO HUNDRED SEVENTY FOUR DOLLARS AND 25 CENTS IN UNITED STATES CURRENCY | § § § § | |
| AND | § | |
| $5,400,758.09 (FIVE MILLION FOUR HUNDRED THOUSAND SEVEN HUNDRED FIFTY EIGHT DOLLARS AND 9 CENTS) IN UNITED STATES CURRENCY | § § § § § | |

## ANSWER TO COMPLAINT FOR FORFEITURE IN REM

TO THE HONORABLE JUDGE OF SAID COURT:

NORMA ALICIA GUERRERO, by and through her attorney of record, Phil A. Bellamy, files this her *Answer to Complaint for Forfeiture in Rem* and in support thereof would respectfully show the Court the following:

1. Claimant NORMA ALICIA GUERRERO ("Claimant") is the wife of JOSE LUIS BETANCOURT and therefore has standing to file this answer and her claim under the community property laws of the State of Texas.

2. The *Complaint for Forfeiture in Rem* fails to state a claim upon which relief can be granted against Claimant's interest.

3. Claimant admits the allegation contained in paragraph 1 of the *Complaint for*

*Forfeiture in Rem* that Plaintiff filed this action pursuant to 21 U.S. C. § 881(a)(6). The balance of the allegations contained in paragraph 1 are denied. Specifically, Claimant denies that there has been any violation of 21 U.S.C. § 801 *et seq.*, and denies that the property is subject to forfeiture.

4. Claimant admits the allegations contained in paragraph 2 of the *Complaint for Forfeiture in Rem* that this Court has jurisdiction over this matter.

5. Claimant admits the allegations contained in paragraph 3 of the *Complaint for Forfeiture in Rem*.

6. Claimant admits the allegations contained in paragraph 4 of the *Complaint for Forfeiture in Rem*.

7. Claimant admits the allegations contained in paragraph 5 of the *Complaint for Forfeiture in Rem*.

8. Claimant admits that the government has made the allegations contained in paragraph 6 of the *Complaint for Forfeiture in Rem*, but denies that they are true.

9. Claimant denies the allegations contained in paragraph 7 of the *Complaint for Forfeiture in Rem*.

10. Claimant admits that on or about January 9, 2003, JOSE LUIS BETANCOURT claimed a lotto 6 of 6 jackpot on a Texas lottery ticket for a drawing on or about December 11, 2002. Claimant admits that the proceeds were wire transferred to an account at Wells Fargo Bank. Claimant denies the balance of the allegations contained in paragraph 8 of the *Complaint for Forfeiture in Rem*.

11. Claimant admits the allegations contained in paragraph 9 of the *Complaint for Forfeiture in Rem* except that Claimant does not have sufficient information to admit or deny the allegations regarding the attempts, by the government, if any, to locate business records or licenses relating to whether JOSE LUIS BETANCOURT was associated with a used car company called Delar.

12. Claimant does not have sufficient information to admit or deny the allegations contained in paragraph 10 of the *Complaint for Forfeiture in Rem*.

13. Claimant denies the allegations contained in paragraph 11 of the *Complaint for Forfeiture in Rem*.

14. Claimant denies the allegations contained in paragraph 12 of the *Complaint for Forfeiture in Rem*.

15. Claimant denies that the government is entitled to any of the relief it seeks and specifically denies that it is entitled to any of the relief contained in the prayer of the *Complaint for Forfeiture in Rem*.

16. Without waiving the foregoing, Claimant contends that the Plaintiff lacks probable cause and proof by a preponderance of the evidence for believing that the currency at issue was furnished or intended to be furnished in exchange for a controlled substance or is traceable to such an exchange.

17. Claimant further contends that the Plaintiff lacks probable cause and proof by a preponderance of the evidence that a substantial connection exists between the property sought to be forfeited and the exchange of or proceeds from a controlled substance.

18. Claimant reserves the right to supplement and amend this answer as necessary as matters develop through discovery and specifically reserves the right to file any applicable counterclaims.

19. Claimant affirmatively seeks to have her portion of the currency at issue returned to her.

20. Claimant demands a trial by jury of the issues and defenses raised by her claim and answer.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Claimant NORMA ALICIA GUERRERO

prays that this Honorable Court will:

1. Dismiss Plaintiff's *Complaint for Forfeiture in Rem* and enter judgment on behalf of Claimant that Plaintiff take nothing by reason of this suit;

2. Deny issuance of a certificate of reasonable cause pursuant to 28 U.S.C. § 2465 and award attorney's fees and costs to Claimant;

3. Enter an order directing the United States Attorney's Office and/or the Department of Treasury and/or United States Customs Service to deliver Claimant's portion of the Defendant property to Claimant; and

4. Provide such other and further relief, at law or in equity, general or special, to which Claimant may be justly entitled.

Respectfully submitted,

**LAW OFFICE OF PHIL A. BELLAMY**
815 Ridgewood
Brownsville, Texas 78520
(956) 546-9345
(956) 544-7201 (Fax)

By: _____
Phil A. Bellamy
State Bar No. 00787065
Federal ID No. 17505

Attorney for Claimant NORMA ALICIA GUERRERO

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon the following counsel by the means noted below on this the 27th day of June, 2003:

Susan Kempner
Assistant United States Attorney
P. O. Box 61129
910 Travis, Suite 1500
Houston, Texas 77208
(CM-RRR No. 7002 3150 0002 0962 9479)

Isidro O. Castanon
Allen, Stein & Durbin, P.C.

809 1st Street
Palacios, Texas 77465
(regular mail)

Manuel M. Vela
Law Office of Manuel M. Vela
501 E. Tyler Street, Suite 4
Harlingen, Texas 78550
(regular mail)

Reynaldo M. Merino
Law Office of Reynaldo M. Merino
4800 North 10th Street, Suite F
McAllen, Texas 78504
(regular mail)

A.C. Nelson
Arturo McDonald
James E. Belton
Attorneys at Law
3505 Boca Chica Blvd., Suite 434
Brownsville, Texas 78520
(regular mail)

Baltazar Salazar
Attorney at Law
1612 Winbern
Houston, Texas 77004
(regular mail)

_____
Phil A. Bellamy