

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 2 4 2005

Michael N. Milby
Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | Criminal No. B-03-090-S1 |
| § | Civil No. B-03-059 ✓ |
| JOSE LUIS BETANCOURT § | |

### ROSALES' REPLY TO GOVERNMENT'S RESPONSE AND IN THE ALTERNATIVE, REQUEST FOR RELIEF IN CIVIL FORFEITURE PROCEEDING

GUADALUPE ROSALES ("Rosales") files this his Reply to the "Government's Response to Guadalupe Rosales' Motion to Amend Final Order to Include Tax Deposit". For the reasons set forth in Rosales' previously filed Motion for Clarification, Modification and/or Amendment of Final Order of Forfeiture to Include Tax Deposit Issue ("Motion for Clarification"), and the additional reasons set forth below, Rosales would assert that contrary to the Government's position, the proper proceeding to address the Tax Deposit Issue is before this Court in the criminal forfeiture proceeding as jurisdiction is not an issue as all of the necessary factual findings have already been made by this Court. Moreover, all of the necessary parties are also all before this Court. In the alternative, since the Government in its Response has conceded this Court has jurisdiction over the money in question and the parties in the civil forfeiture proceeding and this Court has now lifted the stay in the civil forfeiture proceeding, Rosales would assert that this Court has jurisdiction to now enter an Order in the civil forfeiture proceeding allocating a credit of one-half of the $2,027,378.43 deposited with the IRS to Rosales and accordingly, Rosales requests this relief.

### I. Background and Undisputed Factual Findings

a. It is undisputed that this Court had jurisdiction to make a determination as to whether an agreement existed between Rosales and Betancourt <u>as to the entire proceeds of the Texas State Lottery ticket in question</u> and what the terms of that agreement were, i.e. the respective ownership interests of the parties in the cash option sum of $7,508.809 *(emphasis added)*.

b. It is undisputed that this Court found there was an enforceable agreement between Rosales and Betancourt to share equally in the proceeds of the Texas State Lottery ticket purchased on or about December 11, 2002.

c. It is undisputed that this Court found that the estimated jackpot for this ticket was $12 million and that the cash option being selected, the amount of winnings was $7,508,809.

d. It is undisputed that from this $7,508,809, this Court found that the Texas Lottery Commission withheld $2,027,378 for estimated federal income tax withholdings and that said amount was deposited with the Internal Revenue Service ("IRS").

e. It is undisputed that the balance left after deducting the amount of $2,027,378 for estimated federal income withholdings from the original sum of $7,508,809, was $5,481,430.57 and that said sum was forfeited to the Government.

f. Finally, it is undisputed that this Court having found the above agreement with the above terms existed between Rosales and Betancourt and the sum forfeited to the Government, the $5,481,430.57, originated from the $7,508,809, this Court found Rosales had a 50% interest in the $5,481,430.57.

## II. Necessary Parties are Before the Court

a. Rosales would further assert that all of the necessary parties who will be effected by the determination Rosales requests this Court make as to his ownership interest in the money on deposit with the IRS are also before this Court. For this reason, Rosales further asserts the instant criminal proceeding is the appropriate forum to address this issue. In this regard, Rosales would assert that the only party with a real interest in the resolution of this issue other than Rosales is the IRS, as they are the government agency charged with the responsibility of collecting federal taxes. While Mr. Betancourt would normally also be a party with an interest, his Consent to Transfer Funds waived any such interest. Thus, had the IRS not been a party to the criminal forfeiture proceeding, Rosales would agree that the instant criminal forfeiture proceeding would not be the appropriate forum to address this issue.

b. However, while the IRS has not intervened in the civil forfeiture proceeding, the IRS is a party to this criminal forfeiture proceeding having filed a petition on or about September 9, 2003. Moreover, in their petition, the IRS specifically put into issue and asked this Court to take action on the same monies Rosales is asking this Court to now address. In their petition, the IRS specifically prayed for the following relief: "(1) that the Court order that the Internal Revenue Service is entitled to retain the $2,027,378.43 as a withholding credit against Defendant's federal income tax liability for the tax year 2003."

c. Although the IRS no longer appears to be requesting the above relief, it is clear the IRS is still interested in the resolution of Rosales' ownership interest in the monies on deposit with it as evidenced by the Response it has filed. More importantly, it also appears the IRS shares or is of the same opinion as Rosales that based on the above referenced findings by this Court, it believes Rosales' ownership interest in the money on deposit with the IRS is also 50%. In the second to last sentence of the second paragraph

of the IRS' Response, the IRS also stated "that if the Court was presented with this issue, the parties (i.e. the IRS and Rosales) believe that this Court would also hold that Guadalupe Rosales is the owner of one-half of the $2,027,378.43 deposited with the IRS."

### III. Rosales' Request Does Not Involve New Parties or a Different Subject Matter

a. As the above indicates, it is clear this Court had jurisdiction to make a determination as to Rosales' ownership interest in the sum of $7,508.809 and the sum of $5,481,430.57 that originated from the $7,508.809, which this Court found to be 50% in both sums. Thus, since the balance of $2,027.378 on deposit with the IRS likewise originated from the $7,508.889, Rosales would assert this Court clearly has jurisdiction to extend its previous findings and make a determination that Rosales' 50% ownership interest extends to the money on deposit with the IRS. Moreover, to do so does not require this Court to address a subject matter that was not previously before the Court as Rosales' ownership interest in the entire proceeds of the Texas State Lottery ticket in question is already before the Court. Nor does it require or effect parties that are not presently before the Court as indicated above.

b. By making such a determination, which Rosales would assert is 50%, Rosales is also <u>not</u> asking this Court to make a determination as to the federal income tax liability of Rosales or any other party in any of the $7,508,809 lottery proceeds. Rosales agrees that the federal income liability of Rosales or any other party is an issue that is not before this Court that must be resolved separately between Rosales and the IRS or any other party and the IRS. However, Rosales would represent to the Court that should this Court make the determination that Rosales has a 50% ownership interest in the $2,027,378 on deposit with the IRS, Rosales and the IRS have reached an agreement as to the amount of estimated taxes to be paid by Rosales to the IRS with respect to his 50% share of the Texas Lotto jackpot of December 11, 2002.

### IV. Supplemental Jurisdiction and Conservation of Judicial Resources

a. Rosales would further assert that this Court has jurisdiction to address the tax deposit issue in the criminal forfeiture proceeding based on this Court's supplemental jurisdiction under 28 U.S.C. 1367, "Supplemental Jurisdiction". The relevant portion of this statute reads as follows:

> "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Art. III of the United States Constitution".

b. Although 28 U.S.C. 1367 appears limited to civil actions and the instant proceeding is being brought under FEDERAL RULE OF CRIMINAL PROCEDURE 32.2, Rosales would assert that 28 U.S.C. 1367 is applicable to this proceeding as proceedings under FRCP 32.2 have been interpreted to be civil in nature.

To commence, FRCP 32.29(c)(13) clearly states that discovery shall be conducted in accordance with the FEDERAL RULES OF CIVIL PROCEDURE. In <u>U.S. v. Lavin</u>, 942 F.2d 177, 178 (3rd Cir. 1991) the Court held that proceedings under 21 U.S.C. 853(n)(6) <u>are civil in nature</u> and hence held the deadlines applicable to civil cases under Federal Rules of Appellate Procedure 4(a)(1) controlled a party's appellate deadline and not the criminal deadlines *(emphasis added)*. *Also see* <u>U.S. v. Their</u>, 801 F2d 1463, 1468 (5th Cir. 1987) applying the requirements of FRCP 65 to proceedings brought under 21 U.S.C. 853(e)(1)(A).

c. Based on the above case law, Rosales would assert that 28 U.S.C. 1367 is applicable. Pursuant to this Court's supplemental jurisdiction, Rosales would further assert that because the tax deposit issue is so related to the other issues and findings before this Court in the original criminal forfeiture proceeding as indicated above, that this Court has supplemental jurisdiction over the tax deposit issue. To address this tax issue at this time in this proceeding would also conserve judicial resources and reduce the time and expense of resolving this issue that would otherwise be incurred if it was resolved in a separate proceeding at a later date.

### V. Continuing Jurisdiction

Finally, Rosales would further assert that this Court still has jurisdiction to address the tax deposit issue in the criminal forfeiture proceeding as evidenced by the fact that this Court has jurisdiction to lift the stay and order released to Rosales those proceeds this Court has found Rosales has a 50% ownership in. Thus, for this Court to be able to lift the stay and release or transfer to Rosales his 50% ownership interest in the cash sum of $5,481,430.57 forfeited to the Government in accordance with FED. CRIM. RULE 32.2(d), this Court has to continue to have jurisdiction over these matters.

### VI. Alternative Request for Relief under Civil Forfeiture Proceeding and Time Frame for Doing So

a.. In the alternative, should this Court decide or find it does not have jurisdiction to address the tax deposit issue in the criminal forfeiture proceeding, Rosales would request that this Court enter an Order in the civil forfeiture proceeding allocating a credit of one-half of the $2,027,378.43 deposited with the IRS to Rosales. Rosales would assert that this would be proper in view of the Government's concession in its Response that this Court has jurisdiction over the money in question and the parties, and in view of this Court's lifting the stay in the civil forfeiture proceeding. To do so, Rosales would assert only requires the use and extension of the previous relevant findings this Court made in the criminal forfeiture proceeding as set forth in this Court's Memorandum Opinion and Final Order of Forfeiture as these findings are final as to the Government who was a party and are final as to Betancourt in view of his waiver of this issue in his Consent to Transfer Funds. However, because Rosales does not believe the issue of his ownership interest

in the money on deposit with the IRS is contingent or tied to Betancourt's appeal, for the reasons discussed below in more detail, Rosales would request that this tax deposit issue in the civil forfeiture proceeding be immediately addressed and ruled on at the hearing on January 27, 2005 or shortly thereafter, and not when Betancourt's appeal is concluded as the Government suggests in its Response.

      b. To commence, to do as the Government suggests would unnecessarily delay the resolution of this last remaining issue for Rosales for anywhere from six (6) months to two (2) years depending upon the nature and outcome of Betancourt's appeal. While it is possible there may be no tax consequence to Rosales if Rosales were to receive the $2,740,731.40 this Court has found he is entitled to this year, this is contingent upon Betancourt's appeal being concluded prior to next April 15, 2006 **and** then the tax deposit issue also being resolved prior to April 15, 2006. Given the time and expense it has taken Rosales to get to the point he is at at this time in his attempt to recover his share and credit for the one-half of the lottery proceeds he won on December 11, 2002, prudence and efficiency dictates that now rather than later is the best and most appropriate time to seek resolution of this last remaining issue.

      c. Moreover, because of the Consent to Transfer Funds Betancourt has filed, which contains language in article VI waiving Betancourt's appeal as to any findings made by this Court as to Rosales' ownership interest in the Texas Lotto Jackpot of $7,508.809, these findings have become final not only as to the Government who was a party and did not appeal these findings, but as to Betancourt as well. Thus, no purpose is served by delaying the addressing and resolution of this tax deposit issue until Betancourt's appeal is resolved as the resolution of Betancourt's appeal will have no effect on the tax deposit issue before this Court.

## VIII. Conclusion

For the above reasons, Rosales would assert that this Court has jurisdiction to address the issue of Rosales' ownership interest in the remaining balance of $2,027,378 on deposit with the IRS in the criminal forfeiture proceeding and as such, should enter the attached proposed Order setting forth this finding and the agreement Rosales and the IRS have reached based on said finding. In the alternative, should this Court find it does not have jurisdiction to address the tax deposit issue in the criminal forfeiture proceeding but it does have jurisdiction to address it in the civil forfeiture proceeding, Rosales would request, for the above reasons, that this Court enter the attached proposed Order setting forth this finding and the agreement Rosales and the IRS have reached based on said finding.

RESPECTFULLY SUBMITTED:

Isidro O. Castanon
State Bar No. 03980960
ALLEN, STEIN & DURBIN, P.C.
809 1st Street
Palacios, Texas 77465
Phone: 361/972-6006
Fax: 361/972-3444

LAW OFFICE OF REYNALDO M. MERINO
4800 North 10th St., Ste. F
McAllen, Texas 78504-2874
Phone: 956-630-2000
Fax: 956-618-2800

BY _____
REYNALDO M. MERINO
State Bar No.: 13953250

ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

*This is to certify that a true and correct copy of the above and foregoing document, Rosales' Reply to Government's Response to Rosales' Motion for Clarification, Modification and/or Amendment of Final Order of Forfeiture to Include Tax Deposit Issue, was this the **24th** day of **January, 2005**, forwarded in the following manner to:*

**Via Fax 956/548-2711 & Reg. Mail**
Jody L. Young
Assistant US Attorney
600 E. Harrison, #201
Brownsville, Texas 78520

**Via Fax 713/807-0930 & Reg. Mail**
Baltazar Salazar
Attorney at Law
1612 Winbern
Houston, Texas 77004

**Via Fax 713/718-3397 & Reg. Mail**
Susan Kemper
Assistant US Attorney
910 Travis, Ste. 61129
PO Box 61129
Houston, Texas 77208-1129

**Via Fax 214/880-9742 & Reg. Mail**
Thomas M. Herrin
Attorney, Tax Division
SBN: 09533500
Department of Justice
717 N. Harwood, Ste. 400
Dallas, Texas 75201

_____
REYNALDO M. MERINO