IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 0 9 2005

Michael N. Milby
Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| Plaintiff, | § |
| v. | § CIVIL ACTION NO. B-03-059 |
| | § |
| $76,430.57 (SEVENTY SIX THOUSAND, FOUR HUNDRED THIRTY DOLLARS AND 57 CENTS) IN UNITED STATES CURRENCY | § |
| AND | § |
| $4,274.25 (FOUR THOUSAND TWO HUNDRED SEVENTY FOUR DOLLARS AND 25 CENTS) | § |
| AND | § |
| $5,400,758.09 (FIVE MILLION FOUR HUNDRED THOUSAND SEVEN HUNDRED FIFTY EIGHT DOLLARS AND 9 CENTS) | § |
| AND | § |
| $2,027,378.43 (TWO MILLION TWENTY SEVEN THOUSAND THREE HUNDRED SEVENTY EIGHT DOLLARS AND 43 CENTS) | § |
| Defendants. | § |

### AMENDED COMPLAINT FOR FORFEITURE IN REM

The United States of America, Plaintiff, alleges upon information and belief that:

1. This is a civil action in rem brought to enforce the provision of 21 U.S.C. § 881(a)(6) for the forfeiture of U.S. Currency, which was used or intended to be used in exchange for controlled substances, or represents proceeds of trafficking in controlled

substances or was used or intended to be used to facilitate a violation of Title II of the Controlled Substances Act, 21 U.S.C. §801 et seq.

2. This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355.

3. The defendants seized pursuant to civil seizure warrants are $76,430.57, $4,274.25, and $5,400,758.09. The defendant $2,027,378.43 is in the possession of the Internal Revenue Service (IRS).

4. All defendants represent Lottery winnings from the winning ticket for the December 11, 2002 Texas Lottery drawing. Defendant $2,027,378.43 was transferred from the Texas Lottery Commission to the IRS; defendants $76,430.57, $4,274.25, and $5,400,758.09 were seized from accounts held by Jose Luis Betancourt (Betancourt). Betancourt was arrested on January 17, 2003 by Special Agents with the Immigration and Customs Enforcement.

Following his arrest, Betancourt was indicted in the Southern District of Texas and charged with conspiracy and substantive drug offenses. The style of the case is *United States v. Betancourt;* the criminal action number is B-03-090. The indictment included notice of criminal forfeiture under 21 U.S.C. § 853(a), which included the defendants currency.

5. Betancourt was tried and convicted on all counts in the indictment. In connection with the criminal forfeiture proceeding, the jury found that Betancourt obtained his interest in the December 11, 2002 winning lottery ticket with drug proceeds.

6. In *United States v. Betancourt* the Court entered a preliminary order of

forfeiture forfeiting the lottery proceeds to the United States. At the conclusion of the ancillary proceeding in *United States v. Betancourt*, the preliminary order of forfeiture was amended and Guadalupe Rosales was awarded one-half (50%) of $76,430.57, $4,274.25, and $5,400,758.09.

7.      In the final order of criminal forfeiture in *United States v. Betancourt*, the Court found the $2,027,378.43 transferred to the IRS in connection with the December 11, 2002 winning lottery ticket, was not part of the preliminary order except as therein noted. Therefore, the $2,027,378.43 was not forfeited and subject to the award to Guadalupe Rosales.

8.      All claims that could be made against the defendants $76,430.57, $4,274.25, and $5,400,758.09 have been fully and finally adjudicated in the criminal forfeiture proceedings. There remains for forfeiture and distribution that money on deposit with the IRS. Accordingly, forfeiture of at least $1,013,689.21 of the money on deposit with the IRS is proper and the remaining one-half should be ordered credited to Guadalupe Rosales in connection with the findings of the Court in the final order of forfeiture in *United States v. Betancourt*.

WHEREFORE, the United States of America prays:

1.      Monition issue according to the normal procedure of this Court citing all persons having an interest in the money on deposit with the IRS to appear on the return day of process by filing a claim and answer pursuant to Rule C(6), Supplemental Rules for Certain Admiralty and Maritime Claims, or as ordered by the Court;

2.      That Warrant of Arrest issue commanding the arrest of the money with the IRS designated as substitute custodian;

    3.    That a final judgment be entered distributing the money in the possession of the IRS; and

    4.    For costs and such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

MICHAEL T. SHELBY
UNITED STATES ATTORNEY

By: _____ for
(713) 567-9565
Susan Kempner
Assistant United States Attorney
P. O. Box 61129
910 Travis, Suite 1500
Houston, Texas 77208

## VERIFICATION

Before me, the undersigned authority, personally appeared, Special Agent Arturo Cantu, and upon being duly sworn, stated under oath that he has read the foregoing Amended Complaint for Civil Forfeiture In Rem, and that the facts stated therein are based upon the investigation and the course of proceedings in the related criminal case and criminal forfeiture involving Jose Luis Betancourt, and that the facts are true and correct to the best of his knowledge and belief.

_____
Arturo Cantu
Special Agent, ICE

Sworn to and subscribed before me, the undersigned authority, on this **7th** day of **February**, 2005.

_____
Notary Public in and for Cameron County, Texas
My commission expires:

2-6-06

JUDY K. DENISON
MY COMMISSION EXPIRES
February 6, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of February, 2005, a copy of Amended Complaint for Forfeiture in Rem was faxed to Rey Merino Attorney at Law, at 956/618-2800.

                                               _____ for:
                                               SUSAN KEMPNER
                                               Assistant United States Attorney

## CERTIFICATE OF CONFERENCE

I the undersigned counsel hereby certify that I have consulted with counsel for the Defendant, who has authorized me to represent to the Court that counsel for the Defendant, Rey Merino, is unopposed to the filing of this motion.

                                               _____ for:
                                               SUSAN KEMPNER
                                               Assistant United States Attorney