IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-03-059 |
| | § | |
| $76,430.57 (SEVENTY SIX | § | |
| THOUSAND, FOUR HUNDRED | § | |
| THIRTY DOLLARS AND 57 CENTS) | § | |
| IN UNITED STATES CURRENCY | § | |
| | § | |
| AND | § | |
| | § | |
| $4,274.25 (FOUR THOUSAND | § | |
| TWO HUNDRED SEVENTY FOUR | § | |
| DOLLARS AND 25 CENTS) | § | |
| | § | |
| AND | § | |
| | § | |
| $5,400,758.09 (FIVE MILLION | § | |
| FOUR HUNDRED THOUSAND | § | |
| SEVEN HUNDRED FIFTY EIGHT | § | |
| DOLLARS AND 9 CENTS) | § | |
| | § | |
| AND | § | |
| | § | |
| $2,027,378.43 (TWO MILLION | § | |
| TWENTY SEVEN THOUSAND | § | |
| THREE HUNDRED SEVENTY | § | |
| EIGHT DOLLARS AND 43 CENTS) | § | |
| | § | |
| Defendants. | § | |

## MOTION FOR JUDGMENT ON DEFENDANT $2,027,378.43

The defendant $2,027,378.43, is part of the cash value and payout

on the December 11, 2002 winning lottery ticket presently held by the

Internal Revenue Service (IRS).   Jose Luis Betancourt (Betancourt)

forfeited his interest in the winning lottery ticket in his criminal case where

the jury found he purchased his interest with drug proceeds.

The United States moves for forfeiture and distribution of defendant

$2,027,378.43, consistent with the final judgment of forfeiture in *United

States v. Betancourt*, B–03-090, *aff'd, United States v. Betancourt*, __ F.3d

__ 2005 WL 1971271 (5th Cir. 2005); the United States and Guadalupe

Rosales should share equally in the defendant  $2,027,378.43.

Civil forfeiture of drug related properties is governed by 21 U.S.C. §

881(a)(6).  Section 881(a)(6) provides for the forfeiture of property,

including money, acquired or traceable to a drug related offense.   21

U.S.C. § 881(a)(6).

The government filed its complaint for forfeiture against $76,430.57,

$4,274.25 and $5,400,758.09 under  21 U.S.C. § 881(a), because the

money was derived from the December 11, 2002 winning lottery ticket,

purchased with drug proceeds.   On February 9, 2005, the forfeiture

complaint was amended to add as defendant $2,027,378.43, that was

transferred to the IRS from the Texas Lottery Commission.  All defendants

in the civil forfeiture action comprise the Texas Lottery Commissions's

payout on the December 11, 2002 Texas winning lottery ticket.

The amended complaint was served on attorneys Rey Merino and

Baltazar Salazar, in addition to attorney Phil Bellamy, for Norma Guerrero

(Docket entry # 21) and attorney James Belton, for Nelson, Belton and

McDonald (Docket entry # 22).  Notice to all other persons was provided by

publication (Docket entry # 23).

Guadalupe Rosales filed a verified claim and answer to the amended

complaint contesting the forfeiture of defendant $2,027,378.43.    On June

9, 2005, Betancourt filed an answer to the government's amended

complaint, but no claim.

No one else has filed a claim or answer to the amended complaint

and the time to do so has expired.  The Court should hold all other persons

in default.

A.  **Betancourt lacks statutory standing to contest the forfeiture.**

Procedurally, forfeitures under Titles 21 of the United States Code,

are governed by the Customs laws on seizures.  Rule C(6) of the

Supplemental Rules for Certain Admiralty Claims provides:

(a) **Civil Forfeiture**. In an in rem forfeiture action for violation of a
federal statute:

(i) a person who asserts an interest in or right against the property that is the subject of the action must file a verified statement identifying the interest or right:

(A) within 30 days after the earlier of (1) the date of service of the Government's complaint or (2) completed publication of notice under Rule C(4), or

(B) within the time the court allows.

The above Rules are incorporated in the general rules for civil forfeiture proceedings, 18  U.S.C. § 983(a)(4)(A) and (B).  Courts have repeatedly imposed strict compliance with the filing requirements of Supplemental Rule C(6).  *See United States v. Commodity Account No. 549 54930*, 219 F.3d 595, 598 (7th Cir. 2000)("Strict compliance with Supplemental Rule C(6) is typically required"); *United States v. Gateway Blvd.,*  123 F.3d 312, 313 (5th Cir. 1997)(Denying *pro se* claimant's request for extension of time after failing to file timely verified claim); *United States v. $104,674.00*, 17 F.3d 267, 268 (8th Cir. 1994)(Upholding default judgment since *pro se* claimants failed to comply with the provisions of Rule C(6)); *United States v. $38,570 U.S. Currency*, 950 F.2d 1108, 1115 (5th Cir. 1992)(Affirming district court's decision to strike claimant's answer that did not strictly conform to Rule C's procedural requirements);  *United States v. $288,914 in United States Currency*, 722 F.Supp. 267, 270

4

(E.D.La. 1989)(Claimant must strictly comply with the pleading

requirements of Supplemental Rule C(6)).

Under Supplemental Rule C(6), a claimant must file both a sworn

claim <u>and</u> an answer to the allegations in the complaint.  Betancourt  has

failed to satisfy the pleading requirements set forth in Supplemental Rule

C(6) by failing to file a verified claim and answer as provided by Rule C(6)

to the government's amended complaint.  Therefore, his answer to the

amended complaint should be stricken.  *United States v. Real Property*

*Located at 14301 Gateway Boulevard West*, 123 F.3d 312, 313-14 (5th Cir.

1997)(Forfeiture judgment was upheld on alternative ground that claim and

answer could have been struck as untimely); *United States v. One 1988*

*Dodge Pickup*, 959 F.2d 37, 41 (5th Cir. 1992)(Upheld district court's refusal

to set aside default judgment in forfeiture proceeding where appellant failed

to demonstrate good cause for not  filing a timely claim and answer, and

that they had a defense to the forfeiture which probably would have been

successful).

B.    **Betancourt is collaterally estopped from contesting the**
      **forfeiture by his conviction and criminal forfeiture.**

Criminal forfeitures are *in personam* actions.  *United States v. Totaro*,

345 F.3d 989, 993 (8th Cir. 2003); *United States v. McHan*, 101 F.3d 1027

(4th Cir. 1996).  FED. R. CRIM. P. 32.2 sets forth the procedures governing criminal forfeitures, including ancillary proceedings that follow the entry of an order of forfeiture as to the defendant.  Title 21 U.S.C. § 853(a) provides for the criminal forfeiture of property, including moneys and other properties acquired or derived from a drug offense.  21 U.S.C. §§ 853(a)(1)-(2).

On February 12, 2003, Betancourt was indicted and charged with possession with intent to distribute cocaine.  By superseding indictment, Betancourt was charged with conspiracy and possession with intent to distribute cocaine.  The superseding indictment provided notice of criminal forfeiture of all property used or acquired in violation of the federal drug laws.  The notice of criminal forfeiture listed $76,430.57, $4,274.25 and $5,400,758.09 (defendants in this civil forfeiture action), as property subject to criminal forfeiture because the property was obtained from drug proceeds.

Betancourt was convicted on all counts.  After the jury convicted him, Betancourt elected to have the jury that determined his guilt also determine whether the government established the requisite nexus between the property sought to be forfeited and the offenses he committed.  FED. R. CRIM. P. 32.2(b)(4).  The jury found that the winning lottery ticket was

6

acquired with proceeds from Betancourt's drug conspiracy.  The jury's finding mandated the forfeiture of the lottery winnings and the entry of a preliminary order of forfeiture forfeiting $76,430.57, $4,274.25 and $5,400,758.09[1] to the United States.  21 U.S.C. § 853(a).

On August 17, 2005, the Fifth Circuit affirmed Betancourt's conviction and criminal forfeiture.  *United States v. Betancourt*, __ F.3d __ 2005 WL 1971271 (5th Cir. 2005).  Specifically the Court found the lottery winnings were properly forfeited because Betancourt purchased his interest in the lottery ticket with drug proceeds-

> Because the evidence supports the jury's finding that Betancourt purchased his interest in the lottery ticket with funds derived from drug trafficking, the order of forfeiture was proper and is upheld by this Court.

*United States v. Betancourt,* __ F.3d __ 2005 WL 1971271, *10 (5th Cir. 2005).

The factual determination in the criminal case that Betancourt purchased his interest in the winning lottery ticket with drug trafficking proceeds establishes the forfeiture of $2,027,378.43; Betancourt is barred from relitigating that determination in this case.  *United States v. Monkey,*

---

[1]  These monies were seized from different accounts in Betancourt's name.  The $2,027,378.43 was transferred to the IRS by the Texas Lottery Commission.  Collectively these monies are the lottery payout on the December 11, 2003 winning lottery ticket.

7

725 F.2d 1007, 1010 (5th Cir. 1984)(Judgement in the criminal case bars the defendant from denying in civil forfeiture action that the defendant property was used unlawfully).

"Issue preclusion or collateral estoppel is appropriate when: (1) the identical issue was previously adjudicated; (2) the issue was actually litigated; and (3) the previous determination was necessary to the decision". *Pace v. The Bogalusa City School Board,* 403 F.3d 272, 290 (5th Cir. 2005), citing *Southmark Corp. v. Coopers & Lybrand (In re" Southmark Corp.),* 163 F.3d 925, 932 (5th Cir. 1999).   A claimant in a civil forfeiture action is barred from relitigating in the civil action an issue of fact necessary and essential to the criminal conviction.  *United States v. One 1987 Mercedes Benz 300E,* 820 F. Supp. 248 (E.D. Va. 1993).  Betancourt simply has no interest remaining in any of the lottery winnings, since his interest has been adjudicated in his criminal case.  *United States v. Real Property at 101 North Liberty Street*, 80 F. Supp. 2d 1298, *fn.* 29 (M.D. Ala. 2000)(Defendant who has been convicted of a criminal offense is barred from denying involvement in the crime in the civil forfeiture action.); *United States v. Real Property and Parcel 03179-005R*, 287 F. Supp. 2d 45, 63 (D.D.C. 2003)(Doctrine of issue preclusion bars a defendant from

relitigating factual issues in a civil forfeiture case that were determined in the criminal case).

In this case, since the defendant $2,027,378.43 is part of the payout on the December 11, 2002 winning lottery ticket and Betancourt's interest in that payout has been determined by the jury finding in his criminal case, he is barred from contesting the judgment sought.

C.    The United States and Guadalupe Rosales should share
       defendant $2,027,378.43 equally.

In the ancillary proceeding that followed the preliminary order of forfeiture in Betancourt's criminal case, the Court determined that there was an enforceable agreement between Rosales and Betancourt to share equally in any lottery proceeds.   The Court therefore amended the initial order of forfeiture awarding Guadalupe Rosales a one-half interest in the lottery proceeds.  Consistent with the distribution of lottery winnings in the criminal case, the $2,027,378.43 should be distributed as follows. $1,013,689.21 should be forfeited to the United States and $1,013,689.22 should be awarded to Guadalupe Rosales and held by the IRS for his benefit.

D. **Conclusion**.

The United States moves for judgment distributing the defendant

$2,027,378.43 equally between the United States and Guadalupe

Rosales.

Conference

The United States has spoken with counsel for Guadalupe Rosales,

the Internal Revenue Service (IRS), and  Jose Luis Betancourt

(Betancourt).  Rosales and the IRS agree with the requested relief and

Jose Luis Betancourt opposes this motion.

Respectfully submitted,

CHUCK ROSENBERG
UNITED STATES ATTORNEY


By:___/s/Susan Kempner_____
Susan Kempner
Assistant United States Attorney
P.O. Box 61129
910 Travis, Suite 1500
Houston, Texas 77208
(713) 567-9000

Certificate of Service

A copy of this motion and proposed order was sent to the following
counsel by certified mail on September 30 , 2005:

Tom Herrin, Esq.
Department of Justice

717 N. Harwood, Suite 400
Dallas, Texas 75201


Reynaldo M. Merino, Esq.
4800 North 10th Street, Suite F
McAllen, Texas 78504

Baltazar Salazar, Esq.
1612 Winbern
Houston, Texas 77004

A.C. Nelson, Esq.
Arturo McDonald, Esq.
James E. Belton, Esq.
3505 Boca Chica Blvd., Suite 434
Brownsville, Texas 78520

Phil Bellamy, Esq.
815 Ridgewood,
Brownsville, Texas 78520


/s/ Susan Kempner
Susan Kempner

11