IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | **CIVIL ACTION NO. B-03-059** |
| **Plaintiff,** | § | |
| **v.** | § | |
| | § | |
| **$76,430.57 (SEVENTY SIX** | § | |
| **THOUSAND, FOUR HUNDRED** | § | |
| **THIRTY DOLLARS AND 57 CENTS)** | § | |
| **IN UNITED STATES CURRENCY** | § | |
| | § | |
| **AND** | § | |
| | § | |
| **$4,274.25 (FOUR THOUSAND** | § | |
| **TWO HUNDRED SEVENTY FOUR** | § | |
| **DOLLARS AND 25 CENTS)** | § | |
| | § | |
| **AND** | § | |
| | § | |
| **$5,400,758.09 (FIVE MILLION** | § | |
| **FOUR HUNDRED THOUSAND** | § | |
| **SEVEN HUNDRED FIFTY EIGHT** | § | |
| **DOLLARS AND 9 CENTS)** | § | |
| | § | |
| **AND** | § | |
| | § | |
| **$2,027,378.43 (TWO MILLION** | § | |
| **TWENTY SEVEN THOUSAND** | § | |
| **THREE HUNDRED SEVENTY** | § | |
| **EIGHT DOLLARS AND 43 CENTS)** | § | |
| | § | |
| **Defendants.** | § | |

**ORDER & OPINION**

BE IT REMEMBERED, that on November 7, 2005, the Court **GRANTED** the
Motion for Judgment on Defendant $2,027,378.43 filed by the United States of America
[Dkt. No. 29].

**Introduction**

This is a civil forfeiture action involving Texas lottery winnings.  Defendant $2,027,378.43 was disbursed by the Texas Lottery Commission to the Internal Revenue Service as a 27% withholding of winnings.  Three parties have asserted claims to this money: Jose Luis Betancourt, Guadalupe Rosales, and the United States Government.

**Procedural and Factual Background**

In the underlying criminal action (B-03-090), on June 4, 2003, Jose Luis Betancourt was convicted of possession with intent to distribute more than five hundred grams of cocaine and conspiracy to possess more than five kilograms of cocaine.  The jury found that Betancourt purchased a winning lottery ticket with proceeds obtained during the conspiracy to possess cocaine, thus, potentially subjecting the winnings to criminal forfeiture under 21 U.S.C. § 853.  Betancourt won $5,481,462.91 from the lottery ticket purchased on December 11, 2002.  The district court entered a preliminary order of criminal forfeiture for $76,430.57, $4,274.25, and $5,400,758.09 from the lottery winnings after the jury determined that the requisite nexus existed between the property and the drug offenses charged as required by Federal Rules of Criminal Procedure 32.2(b)(4) [Dkt. No. 127].

Following the preliminary order of forfeiture, the United States provided notice of the forfeiture to third parties, and the Court held a hearing to determine third party interests.  Guadalupe Rosales asserted a fifty percent interest in the lottery ticket proceeds based on an agreement with Betancourt to jointly purchase lottery tickets and split any winnings.  The Court held that the evidence showed an agreement between the two men to split the winnings evenly.  The Court ordered the Government to release to Rosales fifty percent of the dollars disbursed from the Texas Lottery Commission, equal to $38,215.28, $2,137.13, and $2,700,379.05 [Dkt. No. 205].  In that final order of forfeiture, the Court declined to issue an order concerning an additional amount, $2,027,378.43, withheld by the Texas Lottery Commission and deposited with the Internal Revenue Service citing the fact that this amount had not been included in the

preliminary forfeiture order.

The initial Complaint for Forfeiture In Rem included Defendants $76,430.57, $4,274.25, and $5,400,758.09 [Dkt. No. 1]. The Amended Complaint for Forfeiture in Rem added Defendant $2,027,378.43 [Dkt. No. 20]. The Court now considers Motion for Judgment on Defendant $2,027,378.43 filed by the United States of America [Dkt. No. 29].

## Civil Forfeiture

In the consideration of a forfeiture claim, a review of forfeiture proceeding is helpful. "A forfeiture proceeding is an action against the seized property, rather than the claimant, brought under the legal fiction that the property itself is guilty of facilitating the crime." *United States v. $38,570*, 950 F.2d 1108, 1113 (5th Cir. 1992)(*citing United States v. $38,000*, 816 F.2d 1538, 1543 n. 12 (11th Cir. 1987)). The district court exercises in rem jurisdiction over the res, the currency, following an arrest of the res. *Id.* Claimants of the property must follow the procedures specified in Supplemental Rules for Certain Admiralty and Maritime Claims C(6). *Id.*

In an in rem forfeiture action for violation of a federal statute, a person who asserts an interest in or right against the property that is the subject of the action must file a verified statement identifying the interest or right within the time that the court allows. Supp. R. C(6)(a)(i)(B). Generally, the verified statement must be filed within 30 days after the earlier of the date of service of the Governments's complaint or completed publication of notice. Supp. R. C(6)(a)(i)(A). Additionally, a person who files a statement of interest in or right against the property must serve and file an answer within 20 days after the filing of the statement. Supp. R. C(6)(a)(iii).

The Fifth Circuit requires strict compliance with the provisions of Rule C(6). *United States v. Real Property Located at 14301 Gateway Boulevard West, El Paso County, Texas*, 123 F.3d 312, 313 (5th Cir. 1997). A claimant who does not comply with the time or content requirements of Rule C(6) lacks statutory standing to challenge the forfeiture. *United States v. Commodity Acct. No. 549 54930 at Saul Stone & Co.*, 219 F.3d 595 (7th Cir. 2000).

The Government filed the Amended Complaint for Forfeiture in Rem on February

9, 2005 and indicated in the Amended Complaint that Guadalupe Rosales was served with the complaint through Reynaldo Merino, his attorney of record, on February 7, 2005.  Jose Luis Betancourt was not served with the Amended Complaint. The Brownsville Herald published the notice of intent to forfeit between February 22, and March 8, 2005 [Dkt. No. 23].  Under Rule C(6)(a)(i)(A), claimants have 30 days to file a verified claim from the date of service or the last date of publication.  The deadline for Rosales to file under this subsection was thirty days beyond February 7, or March 9, 2005, but Rosales did not file his Supplemental Verified Seized Asset Claim to Plaintiff's Amended Complaint for Forfeiture in Rem until April 26, 2005, an additional forty-eight days after this deadline.  The deadline for Betancourt to file under this subsection was 30 days from the last date of publication, or April 8, 2005, but Betancourt never filed a verified claim for the  $2,027,378.43.  While neither claimant met the strict time requirements of subsection A, Rosales did file a verified claim within the time that the Court allowed as permitted by Rule C(6)(a)(i)(B).

After filing a verified claim, a claimant must serve and file an answer within 20 days.  Supp. R. C(6)(a)(iii).  Rosales filed an answer on April 26, 2005, the same day he filed the verified claim [Dkt. No. 25].  Betancourt filed an answer to the Amended Complaint on June 9, 2005 [Dkt. No. 26].  However, this answer should be stricken for failure to file a verified claim as required by Rule C(6).  Betancourt lacks standing to challenge the forfeiture due to his failure to comply with the requirements of Rule C(6). As Betancourt lacks standing, the Court does not reach other arguments raised concerning his criminal trial and its repercussions on this civil forfeiture action.

## Conclusion

The Court distributes $2,027,378.43 in a manner consistent with the Court's ruling on Defendants $76,430.57, $4,274.25, and $2,027,378.43 based on the enforceable agreement between Betancourt and Rosales.  Consistent with the distribution of lottery winnings in the criminal case, the money should be distributed $1,013,689.21 to the United States and $1,013,689.22 to Guadalupe Rosales to be held by the Internal Revenue Service for his benefit.

Therefore, the Court **GRANTS** the Motion for Judgment on Defendant $2,027,378.43.  Defendant $2,027,378.43 is awarded to the United States and Guadalupe Rosales as follows:

a. $1,013,689.21 is forfeited to the United States to be disposed of according to law; and

b. The United States Revenue Service shall credit Guadalupe Rosales' name and social security number with $1,013,689.22 to be applied against anticipated federal tax liability associated with the award of a one-half interest in the payout on the December 11, 2002 winning lottery ticket, awarded in the ancillary proceeding in *United States v. Betancourt*, B-03-090, that is, an award of $38,215.28, $2,137.13, and $2,700,379.05.

This is a final order of forfeiture.

DONE this 7th day of November, 2005, at Brownsville, Texas.


_____
Hilda G. Tagle
United States District Judge